[S. F. No. 12925. In Bank.—January 30, 1930.]

MARTIN AHERN (a Minor), etc., Respondent, v. LIVER-
MORE UNION HIGH SCHOOL DISTRICT OF ALA-
MEDA COUNTY, Appellant.

Earl Warren, District Attorney, Ralph E. Hoyt, Chief Assistant District Attorney, and Agnes R. Polsdorfer, Deputy District Attorney, for Appellant.

Everett W. Mattoon, County Counsel of Los Angeles, Ernest Purdunt, Deputy County Counsel, Geo. H. Johnson, District Attorney of San Bernardino County, and James L. King, Deputy District Attorney, *Amici Curiae* on Behalf of Appellant.

Warren H. Pillsbury for Respondent.

CURTIS, J.—The brief of the appellant herein correctly states the nature of this action and the general facts out of which it arose as follows: "This is an action brought by Martin Ahern through his guardian *ad litem*, Theresa J. Ahern, against the Livermore Union High School District of Alameda County for damages for personal injuries alleged to have been caused by the negligence of the defendant, its officers and employees. The plaintiff was a student in the manual training department of said district and on the 7th day of December, 1925, while using a Greenlee Brothers power saw to cut a groove in a piece of scrap lumber, the plaintiff suffered the loss of the middle and index fingers of his right hand when they came in contact with the saw blade. The action was tried before the court sitting with a jury, which, at the conclusion of the trial returned a verdict in favor of plaintiff and against the defendant in the

sum of $3,500. Motions for a nonsuit and for a new trial were made on behalf of the defendant and denied. The defendant denied negligence and alleged that the negligence of the plaintiff was the proximate cause of the accident, and also pleaded contributory negligence on the part of the plaintiff.'' From the judgment herein the defendant has appealed.

It is apparent from the reading of the record that the evidence as to the negligence of the appellant as well as that tending to show contributory negligence on the part of the respondent is in sharp conflict. While the school authorities testified that the respondent together with all pupils who were permitted to use the power saw were thoroughly instructed regarding its use and the necessity of using the guard when operating the saw, the respondent and other pupils in the school denied that they were ever given any such instruction. This was sufficient to constitute a conflict of the evidence upon this particular issue in the case, and the jury having resolved such issue in respondent's favor, its determination of the matter will not be disturbed on appeal. As to the plea of contributory negligence, in view of the fact that the respondent was at the time of the accident a minor of the age of fourteen years only, and that he, with other witnesses, testified that they had received no instructions as to the necessity of using the guard to the saw when operating the same, we cannot say that the implied finding of the jury that respondent was not guilty of contributory negligence finds no support in the evidence. We are, therefore, of the opinion that the verdict of the jury finds justification in the evidence adduced at the trial.

Upon the assumption, therefore, that the school district was negligent in permitting the respondent to operate the power saw under the conditions shown in the evidence and that the respondent in operating said saw was not guilty of any contributory negligence, the appellant still insists that the judgment is erroneous and should be reversed. At the 1923 session of the legislature there were enacted two statutes relating to the liability of school districts for the negligent acts of their officers. The first of these statutes amended section 1623 of the Political Code and the other of said statutes will be referred to as Act 5619. (Deering's Gen. Laws 1923; Stats. 1923, p. 675.) The trial court held,

and we think properly, that the complaint stated a cause of action in favor of the plaintiff under either of these statutes. We think the evidence is also sufficient to justify a verdict in favor of the respondent under either of said acts of the legislature. Were this all, it would be a simple matter to affirm the judgment of the trial court which was entered in accordance with the verdict of the jury. But the trial court gave certain instructions to the jury to the effect that the plaintiff was entitled to recover if the jury believed that he had brought himself within the terms of section 1623 of the Political Code, as amended in 1923, and that in order to recover it was not necessary for him to meet the requirements of Act 5619. It follows that if section 1623 is applicable to the facts of this case, the judgment must be affirmed, but if Act 5619 is controlling and the respondent in order to recover judgment against the school district for the negligence of its officers must meet the requirements of said act, then the judgment must be reversed.

Section 1623 of the Political Code as amended in 1923 reads as follows: "Boards of school trustees, high school boards, junior college boards and boards of education are liable as such in the name of the district for salary due any teacher on contract, and for all debts contracted under the provisions of this chapter, [and for any judgment against the district on account of the injury to any pupil arising because of the negligence of the district or its officers or employees] and they must pay any judgment for debts, liabilities or damages out of the school funds to the credit of such district, subject to the limitation on the use of said funds fixed in the Constitution of the state of California; provided, that the contracts mentioned in this section shall not be made in excess of the school moneys accruing to the district and usable for the purposes of such contracts during the school year for which the contracts are made, otherwise the district shall not be held liable.

["The district attorney of the county in which a school district is located shall, without fee or other charge, defend the district in any suit brought for injury to any pupil for any cause. In case suit is brought against the members of the board of school trustees or board of education as individuals for any act or omission in the line of official duty as trustee or board member, it shall be the duty of the dis-

trict attorney of the county to defend the members of such board of school trustees or board of education without fee or other charge.

''Members of the boards of school trustees and city boards of education shall not be held personally liable for accidents to children going to or returning from school or on the playgrounds or in connection with school work.''] (Stats. 1923, p. 298.) The portions of said section included above in brackets were for the first time incorporated therein by the amendment of 1923.

Section 2 of Act 5619, which is the only portion of the act necessary to consider in this action, is as follows: ''Counties, municipalities and school districts shall be liable for injuries to persons and property resulting from the dangerous or defective condition of public streets, highways, buildings, grounds, works and property in all cases where the governing or managing board of such county, municipality, school district, or other board, officer or person having authority to remedy such condition, had knowledge or notice of the defective or dangerous condition of any such street, highway, building, grounds, works or property and failed or neglected for a reasonable time after acquiring such knowledge or receiving such notice, to remedy such condition or failed and neglected for a reasonable time after acquiring such knowledge or receiving such notice to take such action as may be reasonably necessary to protect the public against such dangerous or defective condition.''

As we have already stated, each of these two enactments was passed at the 1923 session of the legislature. Neither of them refers to the other, nor is there to be found in the terms of one anything which expressly purports to make said act subject to or dependent upon the other. From their terms each is an independent and complete enactment of the legislature relative to the subject matter embodied therein. The legislative history of these respective statutes shows that the measure providing for the amendment of section 1623 of the Political Code was introduced in the Assembly on January 19, 1923, was passed by the Assembly on April 14th, and the Senate April 24th, and was signed by the Governor May 10, 1923. Act 5619 was introduced in the Senate on January 15, 1923, passed the Senate April 5th and the Assembly May 16th and was approved by the

Governor June 13, 1923. Under the Constitution both statutes took effect on the same day which was ninety days after the adjournment of the legislature.

Appellant first contends that the amendment to section 1623 of the Political Code, enacted in 1923, violates article IV, section 24, of the Constitution of this state in that the subject of said amendment is not embraced in its title. The title of the act amending said section is as follows: "An act to amend Section one thousand six hundred and twenty-three of the Political Code relative to the liability of school trustees." This court has on more than one occasion sustained an act amending a code section, the title of which is like or similar to the title of the act of 1923 amending section 1623 of the Political Code. (*Los Angeles City School District* v. *Odell*, 200 Cal. 637, 641 [254 Pac. 570]; *Estate of Elliott*, 165 Cal. 339 [132 Pac. 439]; *People* v. *Oates*, 142 Cal. 12, 14 [75 Pac. 337]. See, also, *People* v. *French*, 61 Cal. App. 275, 277 [214 Pac. 1003].) The reasons for sustaining an act bearing such a title are fully set forth in the above decisions and it is not necessary to state them again.

Appellant's principal contention is that section 1623 of the Political Code as amended in 1923 gives no right of action whatever in favor of school pupils who have sustained injury as a result of the negligence of the school district or its officers or employees, but that said section only creates a liability on the part of the district to pay "any judgment against the district on account of injury to any pupil arising because of the negligence of the district or its officers or employees." In other words, appellant contends that this section of the code authorizes the payment of the judgment from the funds of the school district after the same has been recovered against the district under some authority of law giving a right of action against the district, and appellant maintains that section 1623 of the Political Code gives no such right of action but that Act 5619 is the only statutory enactment making a school district liable for the negligence of its officers, and unless an injured pupil brings himself within the terms of Act 5619—that is, unless he shows that the dangerous condition of the property of the district had been brought to the notice of the board of trustees of the district, and that they had neglected for "a reasonable time

after receiving such notice to remedy said dangerous condition''—then the pupil cannot recover damages for the injury sustained by reason of the dangerous condition of said school property.

Appellant has called our attention to what it contends was the reason for the amendment of section 1623 in 1923. Some time prior to the enactment of said section an action had been instituted in one of the counties of the state in which it was sought to make the trustees of a school district personally liable in damages for an injury sustained by a pupil through the negligence of the district. The trustees of many districts of the state became apprehensive of the danger to which they might be subjected should the plaintiff in that action prevail. Many of them resigned their positions, and some difficulty was experienced in securing competent persons to act as trustees in some of the districts of the state. Hence the amendment, in 1923, of section 1623 of the Political Code.

By its provisions it made three major changes in the then existing law.

(1) Said amendment provides that school trustees ''are liable in the name of the district . . . for any judgment against the district on account of injury to any pupil arising because of the negligence of the district or its officers or employees.''

(2) It provides that the district attorney shall defend, without charge or fee, the district in any suit brought for injury to any pupil for any cause. It is also made the duty of the district attorney to defend, without fee or charge, any action ''brought against the members of the board of school trustees or board of education as individuals for any act or omission in the line of official duty as trustee or board member.''

(3) It expressly exempts the school trustees and members of city boards of education from any personal liability ''for accidents to children going to or returning from school or on the playgrounds or in connection with school work.''

Bearing in mind that the purpose of the amendment of 1923 to section 1623 of the Political Code was to relieve school trustees and members of boards of education from personal liability for accidents to school children, it will be seen that the amendment most effectually accomplished that

purpose. The amendment not only expressly relieved them from such liability but it provided that the district attorney should, without charge to them, defend any such action that might for any cause pertaining, of course, to their duties as trustees of the school district, be instituted against them personally. We can readily understand that the fear existing within the ranks of school trustees and members of boards of education by reason of the attempt to hold them personally liable for injury to pupils was immediately dispelled by reason of this amendment, and that after the enactment these officials resumed their duties with the assurance that they would not be held personally accountable for injuries sustained by pupils in connection with school work. But while we are satisfied as to the effect of the amendment in regard to the liability of school officials, it might be pertinent at this time to ask what had become of the rights of the pupil. The latter's asserted right of action for injury against the officers had been taken from him by the amendment. Had anything been given him by the legislature in place of that of which he had been deprived by the terms of the amendment? While, of course, it would not be necessary for the legislature to provide any protection to pupils sustaining damages as a result of the negligence of school authorities, yet we would hardly expect the law-making body of the state, while legislating upon the subject, to leave the pupils of our schools wholly unprotected, and we do not think it has.

As we have already stated, the amendment provides that the trustees in the name of the district are made liable for any judgment against the district on account of injury to any pupil arising because of the negligence of the district or its officers or employees. This, it is conceded, means that the district itself is made liable for any such judgment. It is conceded that school boards are not authorized to pay school funds except in cases expressly provided for by statute. Appellant contends, therefore, that the provision of the amendment last referred to is simply an authorization to the school board to pay such a judgment and that it creates no liability against the district for damages sustained by a pupil. This contention is, we think, completely answered by a further provision of this section of the code which immediately follows that just referred to and which provides that

"they (school boards) must pay any judgment for debts, liabilities or damages out of the school funds to the credit of such district." This last quoted provision of the section constitutes complete statutory authority to school boards to pay any judgment for damages, which would, of course, include a judgment in favor of a pupil for the negligence of the district, or its officers, or employees. This being the case, if we are to give the amendment making school districts liable for any judgment for damages in favor of a pupil the construction contended for by appellant, then this provision is meaningless and was entirely unnecessary. It could be expunged from the section of the code without altering or impairing its meaning or purpose in any manner. ▉ "It is fundamental that, if possible, a statute or code section should be construed so as to give meaning and effect, not only to the statute or code section as a whole, but to each and every part thereof." (23 Cal. Jur. 758; *Crowe* v. *Boyle*, 184 Cal. 117 [193 Pac. 111].)

It is conceded by appellant that at the time of the amendment to section 1623 of the Political Code in 1923 there was no other section of the code or other statute which made school boards liable for injuries to the pupils resulting from the negligence of the district or its officers or employees. To adopt appellant's contention, we would have a provision of the code making school districts liable for a judgment in favor of a pupil, but giving the pupil no right of action against the district whereby he might reduce his claim for damages into a judgment. This would be an absurd state of affairs and we cannot believe that the legislature ever intended that such a condition should result from the enactment of said amendment. ▉ But appellant maintains although there was no statute giving a pupil such a right of action that by the provision of Act 5619, subsequently enacted and approved, the pupil was given, under the general terms of this later statute, the right to institute an action against the district for the purpose of recovering a judgment for damages sustained by reason of negligence. Appellant asserts, although this later statute was not enacted when the bill providing for the amendment of section 1623 of the Political Code was approved by the Governor, that we must assume that the members of the legislature, when they voted for said amendment to section 1623, and the Governor,

at the time he approved said amendment, had knowledge of the pendency before the legislature of the bill providing for the enactment of Act 5619, and that it must be presumed that at the time of their respective actions in reference to said amendment, they had notice of said bill and of the progress it was making through each house of the legislature. Therefore, appellant contends that the legislature enacted, and the Governor approved, the amendment with notice of the terms and provisions of Act 5619, which gave pupils the right, under the terms and conditions of the later statute, to reduce their claims for damages against the district to judgment. Conceding that the members of the legislature and the Governor, at the time of the enactment of said amendment, knew of the bill then pending before the legislature providing for the enactment of Act 5619, neither the members of the legislature at the time they voted for the enactment of said amendment nor the Governor at the time he approved the same knew or could have known what would be the ultimate fate of said bill. We know of no law that would justify us in holding that the legislature or the Governor, at the time they acted upon the amendment to section 1623, did or could assume that Act 5619 would be subsequently enacted and approved. Neither statute refers to nor is limited by the terms of the other. It would, therefore, be most unreasonable to hold that the statute first enacted was to be limited by the terms of the later enactment simply because the bills providing for each statute were before the legislature at or about the same time. Unless there is something in the terms of the statute or in the subject matter of the two acts indicating that one is subject to the other, each must stand as a complete expression of the legislative intent upon the particular subject embraced therein. We are, therefore, unable to agree with the contention of the appellant that when the legislature enacted this amendment to section 1623, making school districts liable for judgments against the district on account of injury to a pupil caused by the negligence of the district or its officers or employees, it had in mind the terms of said Act 5619 not then enacted, or that the right of action, out of which the judgment in favor of the pupil and for which the district is made liable by the terms of the amendment, was to be subsequently created in favor of the pupil by the enactment of said Act 5619.

Section 1623 of the Political Code, as amended in 1923, having made school districts liable for judgments in favor of pupils arising from the negligence of the districts or their officers or employees, we must, in the absence of any other legislation upon the subject, hold that by the terms of this section as amended, the right is given the pupil injured through such negligence to institute an action against the district for the purpose of recovering such a judgment. Otherwise this provision of the code section, as already observed, would be meaningless. Besides, this section purports to cover the whole subject of the liability for damages to pupils arising from negligence. The section, as amended, expressly exempts the trustees and members of boards of education from such liability, and in making the district liable for judgments in favor of the pupils for injury arising from such negligence, the plain intent of the statute was to fix this liability, from which the officers had been freed by the statute, upon the district itself. The wording of the amendment may not be as precise and exact as we might wish. Had the wording thereof been that the district was liable for damages sustained by a pupil because of the negligence of the district or its officers or employees, there would be no question of the meaning of the amendment. We can see but slight, if any, difference between making a person liable for damages sustained by reason of his negligence and making him liable for a judgment for damages sustained by reason of his negligence. In this connection we might refer to said section 1623 of the Political Code prior to its amendment in 1923. Since 1874 up to its amendment in 1923 it provided that ''Boards of trustees are liable as such in the name of the district for any *judgment* against the district due any teacher on contract.'' Under this section as it then stood, teachers for years successfully proceeded against districts to recover salaries due them on their contracts with the district. One such action was that of *Hancock* v. *Board of Education,* 140 Cal. 554 [74 Pac. 44]. In sustaining a judgment in favor of a teacher for his salary this court, on page 561 of the opinion, stated that ''The code provides that the trustees of every school district may sue and be sued (Pol. Code, sec. 1575), and that the trustees are liable in their official capacity for judgments for salaries against the district. (Pol. Code, sec. 1623.)'' While the precise

question involved in the present action was not stressed in the Hancock case, the right of the plaintiff therein, a teacher, to maintain his action was evidently based upon section 1623 of the Political Code prior to its amendment in 1923, and in our opinion the judgment therein could have been sustained only by holding that a right of action against the district was given to a teacher by said section for the recovery of his salary. By the amendment of 1923 this provision of the statute was changed so that it now reads, ''Boards of school trustees . . . are liable for salary due any teacher on contract.'' Just what was the object to be accomplished by amending the section in this respect we are not advised, but we are confident that it confers no greater or different liability upon school districts for the salary of teachers in its amended form than was imposed upon them by the terms of the section previous to this amendment. It is, therefore, our conclusion that section 1623 of the Political Code as amended in 1923 creates a liability on the part of the school districts for damages sustained by a pupil by reason of the negligence of the school district, its officers or employees.

Finally, appellant contends that the two acts, that is, section 1623 as amended, and Act 5619, relate to the same subject matter, namely, the liability of a school district for negligence, and as both went into effect on the same day they should be read together as one act and construed accordingly. If section 1623 of the Political Code and Act 5619 dealt entirely with the same subject matter, there would be considerable force in this contention of appellant. But, by reference to their provisions, it will be seen that such is not the fact. Act 5619 deals with the liability of counties, municipalities and school districts to the general public for defective or dangerous conditions in the streets, grounds, or property of the counties, municipalities, or school districts, while that portion of the amendment to section 1623 of the Political Code enacted in 1923 with which we are now concerned, deals with the liability of the school district to school children for the negligence of ''the district or its officers or employees,'' resulting in injury to said children. It is evident from the terms of these two legislative enactments that Act 5619 is a general act, defining the liability of the public bodies named therein to the general public and specifying the conditions under which said liability may attach,

while the amendment of 1923 to section 1623 of the Political Code is a special act and purports to deal only with the liability of school districts to the children of the district for the negligence of the district or its officers or employees. In such a case the provisions of the special act must prevail over the terms of the general statute. "It is a general rule that a special statute controls a general one, without regard to their respective dates, and that an act general in character will not ordinarily repeal a special act, even though it appears to cover the ground and contains a general repealing clause." (23 Cal. Jur., pp. 706, 707; *Riley* v. *Forbes*, 193 Cal. 740 [227 Pac. 768]; *McNeil* v. *Kingsbury*, 190 Cal. 406 [213 Pac. 50].) These citations also answer the claim of appellant that Act 5619 having been enacted subsequent to the passage of the amendment to section 1623 of the Political Code, controls the latter. Being a general statute, it must give way to the terms of the special statute, irrespective of the date of its passage.

As the provisions of section 1623 of the Political Code are determinative of the rights of the respondent in this action, the instructions of the court that respondent was entitled to recover if he brought himself within the terms of said section of the code were proper.

The judgment is affirmed.

Langdon, J., Seawell, J., and Waste, C. J., concurred.

PRESTON, J., Dissenting. — I dissent. I cannot bring my mind to the conclusion that section 1623 of the Political Code, as amended, confers any such right against a school district in favor of a person injured through the negligence of an officer or employee thereof. It seems too clear for controversy that a substantive right of action in such case is controlled by Act 5619 of the General Law.

The two enactments covering this subject are counterparts of each other and went into effect on the same day. They should be read together. Act 5619 covers rights of action against counties, municipalities and school districts in negligence cases. Prior to the enactment of this law, the sovereign government could not be sued for the negligence of its officers and employees and it is only by grace of the legislature that such an action can be at any time main-

tained. The provisions of section 1623 are simply intended to make lawful the disbursement of school funds in payment of judgments obtained pursuant to the authority granted by Act 5619. Any other construction destroys the meaning as to the last-mentioned act altogether so far as school districts are concerned.

It is an innovation to have an action of this kind allowed at all and I do not think the legislature for a moment intended to give a broader right of recovery than provided by Act 5619.

Shenk, J., and Richards, J., concurred.

Rehearing denied.

Richards, J., Shenk, J., and Preston, J., dissented.