[S. F. No. 14089. In Bank.—April 24, 1931.]

RUDOLPH DAMGAARD (a Minor), etc., Respondent, v. OAKLAND HIGH SCHOOL DISTRICT OF ALAMEDA COUNTY (a Body Corporate and Politic) et al., Appellants.

A. DAMGAARD et al., Respondents, v. OAKLAND HIGH SCHOOL DISTRICT OF ALAMEDA COUNTY (a Body Corporate and Politic) et al., Appellants.

Earl Warren, District Attorney, Ralph E. Hoyt, Chief Assistant District Attorney, Frank M. Ogden, Assistant

District Attorney, and James H. Oakley and Agnes R. Polsdorfer, Deputies District Attorney, for Appellants.

J. E. Hood for Respondents.

THE COURT.—These appeals are from judgments in favor of the plaintiffs entered upon verdicts in the consolidated cases for the sums respectively specified therein. The actions arose out of injuries sustained by Rudolph Damgaard, a minor, through an explosion of chemicals which occurred during an experiment conducted in the chemistry department of the defendant High School District before a chemistry class in which said minor was a pupil. In the action wherein the minor was plaintiff the jury returned a verdict in his favor in the sum of $15,000. In the action brought by the parents of the minor, wherein they sued for medical and surgical expenses incurred by reason of said accident to their son, the verdict of the jury was in their favor for the sum of $387. The cases were consolidated at the trial and also upon appeal. At the time of the trial of these causes and also at the time of their appeal the case of *Ahern* v. *Livermore Union High School Dist.*, 208 Cal. 770 [284 Pac. 1105], was pending on appeal before this court and undecided, and as a consequence during the trial of these causes and also at the time of their appeal the main stress of defendants' contention was laid upon the nonliability of school districts for damages for personal injuries arising out of the negligence of the district or its officers or employees under the provisions of section 1623 of the Political Code as amended in 1923. That question having been decided adversely to the defendants' contention in the Ahern case, the defendant School District in these actions has found itself compelled to rely upon other alleged grounds of error in support of these appeals. The plaintiffs respectively in each of these actions, after alleging that on or about February 3, 1927, Rudolph Damgaard, a minor of the age of seventeen years or thereabouts, was admitted and enrolled as a regular student in the John C. Fremont High School, which was one of the high schools then being operated in and under the direction and control of the Oakland High School Dis-

trict of the County of Alameda, State of California, and that such minor was on said day in attendance as one of the pupils in the classroom in said high school, wherein and as a portion of the exercises and instruction therein an experiment was being conducted by the teacher thereof, requiring the use of certain substances and apparatus involving the production and use of explosive gases, during the course of which an explosion occurred causing the injuries to said Rudolph Damgaard which form the basis of the present action, proceeded to allege: "That plaintiff did not know the dangerous character of said experiment, and did not know the dangerous character of said substances and apparatus and had no information, instruction or warning concerning the same by said teacher or at all, . . . and in all respects and particulars plaintiff was without fault and without negligence or omission or commission; and that said teacher knew and with reasonable care and prudence should have known the dangerous character of said substances and articles, and knew and with reasonable care and prudence should have known the dangerous character of said experiment as presented, combined and manipulated, and it was the duty of said teacher then and there to instruct and warn plaintiff and all students in said class concerning said dangers and to keep the same away from their reach and handling in the conduct of her classes and at all times; and that the injuries sustained by plaintiff as herein alleged were caused proximately and solely by and through the wrong and negligence of defendants as aforesaid, in that the defendant High School District, its officers and employees carelessly, negligently and recklessly and without due regard for the safety of life and limb of the children in said high school and course of study did place within the reach of, and require and counsel and direct the handling of, in the manner aforesaid, the said articles and substances and said combination of articles and substances by said students, without the instruction, warning or protection necessary to prevent injuries as aforesaid, contrary to the duty of defendants as aforesaid, and that said injuries aforesaid would not have occurred otherwise and that defendants, its officers and employees knew and ought to have known and with reasonable care and prudence

should have known the dangers herein described, which said dangers were not known to plaintiff; and that by reason of said injuries to plaintiff and the said negligence and carelessness of defendant, its officers and employees as aforesaid plaintiff was caused great pain and suffering, the permanent and serious impairment of his sight, the total loss and destruction of his right eye and removal thereof by amputation, that plaintiff is permanently disfigured and mutilated, and was and is caused great humiliation, pain and disadvantage therefrom, and is permanently damaged in his pursuit of education and in his present and future earning capacity.''

The foregoing averments of the plaintiffs' complaint, while unnecessarily prolix and not to be commended as a model of pleading, amount when boiled down to no more than an averment that the defendants through their agents and employees negligently failed to take proper precautions for the safeguarding of their pupils during the performance of a dangerous experiment in chemistry, and that by reason thereof the explosion occurred through which the minor plaintiff sustained the injuries complained of. The essence of negligence is the failure to exercise due care and take proper precaution in the particular case. This the pleader alleges, but as to the particular causes which constituted the detail of the defendants' omissions the pleader apparently knew nothing and alleged nothing. Whether the explosion was due to defective contrivances or improperly prepared and cleansed test tubes, or to the use of merely commercial instead of scientifically prepared and tested materials, or to the improper application of heat in the course of the experimentation, or to what other specific defect or neglect, the pleader did not know and did not attempt to set forth in his pleading. Had he done so he would undoubtedly, under the authorities upon which the appellants herein rely, chiefly the cases of *Connor* v. *Atchison etc. Ry. Co.,* 189 Cal. 1 [26 A. L. R. 1462, 207 Pac. 378], *Marcovich* v. *Central Cal. T. Co.,* 191 Cal. 295, 305 [216 Pac. 595], and *McKeon* v. *Lissner,* 193 Cal. 297, 304 [223 Pac. 965], have been confined in his proofs to the specific averments of his complaint and would not have been entitled to the application of the doctrine of *res ipsa*

*loquitur* to his case; but in the absence of such averments and in the presence of what we hold to amount to nothing more than a general charge of negligent omissions the plaintiffs were entitled to the application of this doctrine in aid of each case.

The defendants presented in each case a general demurrer, which being overruled they filed in each action their answer, wherein they denied generally and specifically the aforesaid allegations of the complaint with respect to said or any negligence on the part of the defendants or their agents or employees as a result of which the plaintiff's injuries arose. They then proceeded to allege contributory negligence on the part of said minor proximately causing whatever injuries he was alleged to have sustained. When the consolidated cases came on for trial on the issues as thus framed counsel for plaintiffs in his opening statement to the court and jury proceeded to set forth the plaintiffs' theory as to the issues involved in the following language: "It is our purpose to show you that this accident, in the usual course of high school studies and of this class, ordinarily would not have happened if those who had the management and control had used proper care; and it is our purpose to show that this accident was caused purely because of the negligence of the High School District and the Board of Education and their agents and employees, which, if we establish, the court will instruct you under the law as to damages, a verdict for damages and the liability of the parties to the injured may be given." No objection was offered on the part of the defendants to the foregoing statement of plaintiff's counsel, and the cause proceeded to trial apparently upon the theory that general negligence had been alleged and denied. During the course of the trial and in support of the plaintiffs' case much evidence was educed showing the circumstances surrounding the experiment which was being undertaken when the explosion occurred, the appliances which were being used in the course thereof, the absence of precaution to prevent injury in the event of an explosion, and the particular kind of materials and substances which were being used in conducting said experiment. The witnesses who testified to these various details did so without the interposition of any objec-

tion on the part of the defendants and each witness was subjected to an extended and rigid cross-examination. At the close of plaintiffs' testimony the defendants presented a motion for nonsuit and also a motion for a directed verdict, based upon several designated grounds, but not based upon the ground that there existed any material variance between plaintiffs' pleadings and proof. It is true that in the presentation of the motion for nonsuit and also of the motion for a directed verdict the defendants urged that the doctrine of *res ipsa loquitur* did not apply. The reason, however, urged against the application of said doctrine was that the plaintiffs had by their own witnesses gone fully into the probable or possible causes of said explosion and hence and in so doing had not relied upon the application of the doctrine of *res ipsa loquitur* in the case. The motion for nonsuit being denied, the defendants in their own behalf called numerous witnesses in an attempt to explain the cause of the explosion and to absolve the teacher and other employees of the defendants of liability therefor. Upon the submission of the cause the court gave a large number of instructions as requested by the respective parties, and in the course thereof gave the following instructions upon the application of the doctrine of *res ipsa loquitur* in each of said cases:

"I instruct you that if you find from the evidence in this case that an explosion occurred and plaintiff Rudolph Damgaard was injured thereby and if you further find that the thing which exploded or caused the explosion was under the management of the defendants or their employees, and that the explosion was such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from a want of care on the part of defendants, and the inference of negligence upon the part of defendants arises, and the plaintiff is not required to show particularly what specific act of negligence caused the accident, but the burden is cast upon the defendants to explain how the injury occurred, and if they fail to do so the jury must accept as an established fact that the injury was due to a want of ordinary care on the part of defendants and must find for plaintiff. However, if you find from all the

evidence that this explosion has been shown, then defendants have met this burden to explain. This does not mean, however, that the ultimate burden of proof of negligence shifts from the plaintiff to the defendants. Accordingly, a defendant need not meet or rebut the *prima facie* case so made by a preponderance of the evidence, but is required merely to make such a showing as to want of negligence as to leave the jury unsatisfied as to whether or not there was negligence on the part of the defendants. The ultimate burden of proof of the negligence upon all of the evidence in the case is upon the plaintiff. If upon a consideration of all the evidence in the case and the instructions of the court you find that plaintiff has established by a preponderance of the evidence that the accident was proximately caused by negligence on the part of the defendants, then your verdict should be in favor of the plaintiff and against the defendants. If, on the other hand, you find that plaintiff has failed to prove by a preponderance of the evidence that the accident was proximately caused by the negligence of the defendants, your verdict should be against the plaintiff and in favor of the defendants.''

The first half of the foregoing instruction down to the word ''However'' was given at the request of plaintiffs' counsel and correctly states the doctrine of *res ipsa loquitur*. The latter half thereof beginning with the word ''However'' was a modification of the instruction requested by the defendants and by its terms the teeth of the doctrine as applicable to the instant case were effectually drawn. Taken as a whole we are unable to perceive how the defendants could have been prejudicially affected by this instruction in the modified form in which it was given.

The jury upon being thus instructed retired and presently returned a verdict in favor of said minor in the action brought in his behalf for the sum of $15,000, and in the action brought by the parents of said minor for the sum of $387. Upon the receipt of each of said verdicts the defendants presented a motion under section 629 of the Code of Civil Procedure for a judgment in their favor in each case, notwithstanding the verdict, basing the same upon the same grounds urged by them upon the motion for nonsuit, and upon the further ground that the verdict

in each case was contrary to the evidence. The trial court denied said motion in each case; whereupon the judgments were entered therein respectively for the sums hereinabove set forth, and it is from such judgments that these appeals have been taken.

The appellants having, as we have seen, been foreclosed of their main defense in each of said actions by the decision of this court in the case of *Ahern* v. *Livermore Union High School Dist., supra,* have been obliged to rely as their main and practically only ground for a reversal upon the proposition that the trial court was in error in giving its aforesaid instruction upon the doctrine of *res ipsa loquitur.* The appellants present upon appeal as their reason for the nonapplicability of said doctrine a ground which was not urged upon the trial nor presented upon either the motion for a nonsuit or for a directed verdict. The ground which they now urge is that the plaintiff in each of these cases was not entitled to rely upon the doctrine of *res ipsa loquitur* for the reason that the plaintiff in each case did not in the complaints respectively rely upon a general allegation of negligence. We are of the opinion, for the reasons heretofore stated, that the allegations which the plaintiffs made in this behalf sufficiently amounted to a charge of general negligence with respect to the particular subject matter involved in each of these actions, and even if we were disposed to hold that each of these complaints was deficient in the foregoing respect, we are of the opinion that the defendants by their answer thereto and by their general and sweeping denials of any negligence whatever in connection with the conduct of said experiment and of the explosion and consequent injuries resulting therefrom, have eked out whatever infirmity existed in said complaints; and we are further of the opinion that when counsel for the plaintiff at the opening of the trial expressly stated that: "It is our purpose to show you that this accident in the usual course of high school studies and of this class ordinarily would not happen if those who had the management and control had used proper care," he sufficiently informed the defendants of the plaintiffs' intended reliance upon the doctrine of *res ipsa loquitur.* It need hardly be stated that the situation presented by each of these cases is one to which

the doctrine of *res ipsa loquitur* ought to be given precise application, since the pupils in a public school receiving instruction in the rudiments of chemistry could not in reason be expected to know in advance the very matters with respect to which they were undergoing instruction; while on the other hand their teachers undertaking to instruct them by the method of experimentation through the employment of substances, materials and gases liable to explode unless handled and brought into combination with scientific delicacy and care, should know and should be able to explain in the event of an explosion why and how it occurred, and that no negligence upon their part constituted or contributed to its causation. The appellants do not urge that the instruction upon the subject of *res ipsa loquitur* as given by the court was in any respect erroneous as applied to a proper case, their sole contention being that said instruction was error because not applicable to these particular cases. Reading the record as a whole we are satisfied that this contention was and is without merit.

The appellants make the further contention that the evidence educed in each of these cases was insufficient to sustain the verdict rendered in each in so far as such evidence had relation to the negligence of the defendants or their officers or employees as constituting the proximate cause of the injuries which the minor plaintiff sustained. We find no merit in this contention. If the experiment which the defendants' employees undertook to conduct in their classroom was one in the course of which dangerous explosions were likely to occur from no known cause it would clearly be negligence to conduct the same without properly safeguarding the pupils from the likelihood of such explosions. The evidence, however, disclosed that the particular experiment was one wherein explosions did not occur without such ascertainable causes as defective appliances, or the presence of combustible matter in the test tubes or of carbonaceous matter in the materials or chemicals made use of in the experiment, or in the improper application of heat in the course of the experiment. The evidence offered in the course of the trial presented several probable causes of the explosion involving the foregoing elements, but which particular cause or combination of causes

 actually produced the explosion remained a matter of doubt throughout the entire course of the trial, a state of doubt which it must be said the evidence offered on behalf of the defendants did not go far to remove. It was thus a question for the jury to unravel, and we are unable to say that whatever conclusion its members arrived at as a basis for their verdict cannot find justification in the evidence before them. We conclude, therefore, from a careful examination of the entire record that there was sufficient evidence to furnish support for the verdict in each of these cases.

The judgment in each case is therefore affirmed.