[Civ. No. 573. Fourth Appellate District.—January 14, 1932.]

JOSEPH P. HENRY, Jr. (a Minor), etc., Respondent, v. GARDEN GROVE UNION HIGH SCHOOL DISTRICT OF ORANGE COUNTY, Appellant.

Sam L. Collins, District Attorney, and S. B. Kaufman, Deputy District Attorney, for Appellant.

Jerome W. Romaine for Respondent.

MARKS, J.—On March 17, 1930, respondent was a minor of the age of fourteen years and a student in the manual training department of the Garden Grove Union High School. On this day he was operating a jointer machine. His right hand slipped into the revolving blades so injuring it that it was necessary to amputate his index and second fingers at the second joints, and the third or ring finger at the first joint. He sought damages for his injuries under the provisions of section 1623 of the Political Code. The case was tried before a jury which returned a verdict in his favor for $7,550. From the judgment entered upon this verdict appellant has prosecuted this appeal.

The jointer machine was used in the wood-working section of the manual training department of appellant's high school. The cutting portion of this machine consisted of a series of rapidly revolving blades or knives. The wood to be worked upon rested upon the table of the machine which could be raised or lowered to fit the requirements of the operation. On one side of the table and over the knives was an adjustable iron guide against which the wood rested when passing over the revolving blades. On the other side of the table there was a guard which, when in place, rested against the wood and covered the portion of the exposed blades or knives which were not actually cutting the wood. The guard was held in place by a weight. On the day of the accident, and for some time prior thereto, the guard was without a weight and was not in place.

Joseph P. Henry, Jr., at the time of his injury, was running a short stick of wood through the jointer. He was pushing the wood and holding it down on the blades with his right hand. When this hand was over, or nearly over, the blades the wood slipped or jumped and the first three fingers of his right hand came into contact with the revolving knives causing his injury.

There is sufficient evidence in the record to support the conclusion that the accident was caused by the improper adjustment of the table and also by the fact that the guard was not in place, and that the absence of the guard from its proper position rendered the machine dangerous to any person operating it. From the evidence offered by respondent it appears that just before the accident the table had been adjusted by one of young Henry's instructors and the absence of the guard from its proper position must have been apparent to him.

Appellant's theory is that the accident was caused by the carelessness of young Henry. Witnesses offered by the High School District testified that all of the students had been instructed to use both hands in running wood through the jointer; that the student should hold the wood down in contact with the blades with his right hand and shove it through the jointer with his left hand. Young Henry denied that any such instructions were given him. He also testified that he had not been warned of the danger in operating the jointer when the guard was not in place. He did, however, admit that his instructors in running wood through the jointer used both hands for the operation in the manner described.

Appellant first urges upon us that the evidence establishes that young Henry was guilty of contributory negligence and that the verdict of the jury was contrary to law. These contentions are answered by the case of *Ahern* v. *Livermore Union High School Dist.*, 208 Cal. 770 [284 Pac. 1105]. The Ahern case is so exactly parallel to the one before us that with the substitution of the word "jointer" for the word "saw" in the following quotation from the Ahern case it will apply to the case at bar.

"It is apparent from the reading of the record that the evidence as to the negligence of the appellant as well as that tending to show contributory negligence on the part

of the respondent is in sharp conflict. While the school authorities testified that the respondent together with all pupils who were permitted to use the power saw (jointer) were thoroughly instructed regarding its use and the necessity of using the guard when operating the saw (jointer), the respondent and other pupils in the school denied that they were ever given any such instruction. This was sufficient to constitute a conflict of the evidence upon this particular issue in the case, and the jury having resolved such issue in respondent's favor, its determination of the matter will not be disturbed on appeal. As to the plea of contributory negligence, in view of the fact that the respondent was at the time of the accident a minor of the age of fourteen years only, and that he, with other witnesses, testified that they had received no instructions as to the necessity of using the guard to the saw (jointer) when operating the same, we cannot say that the implied finding of the jury that respondent was not guilty of contributory negligence finds no support in the evidence. We are, therefore, of the opinion that the verdict of the jury finds justification in the evidence adduced at the trial.'' (See, also, *Damgaard* v. *Oakland High School Dist.*, 212 Cal. 316 [298 Pac. 983], and *Maede* v. *Oakland High School Dist.*, 212 Cal. 419 [298 Pac. 987].)

Appellant further urges that prejudicial error was committed by the trial court in giving instructions to the jury. While some of the instructions given at the request of respondent, as well as some of those given at the request of appellant, should not be used as models in future cases, still, taken as a whole, we do not believe that the instructions contain any prejudicial error that would warrant a reversal of the judgment. With the instructions taken as a whole the jury could not have been misled as to the law applicable to the issues before it.

Appellant for the first time urges here that there is no evidence in the record of the appointment of Joseph P. Henry as the guardian *ad litem* of Joseph P. Henry, Jr., a minor. In the clerk's transcript before us there is a sufficient petition made by Joseph P. Henry, Jr., of the age of fourteen years, requesting the appointment of Joseph P. Henry as his guardian *ad litem* for the purpose of bring-

ing this action. There is also an order duly and regularly made appointing Joseph P. Henry such guardian *ad litem.* Even though we should hold that it be necessary to introduce these documents in evidence in the court below (which we do not) we cannot see how the appellant was in any way prejudiced by such failure. The petition and order were part of the files in this case and were before the court and the parties during the trial. Appellant could not have been misled or prejudiced by the failure to introduce them in evidence, if such procedure should be held necessary.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.