[Civ. No. 1049.   Fourth Appellate District.—August 15, 1933.]

EDGAR BATES, a Minor, etc., Appellant, v. ESCONDIDO UNION HIGH SCHOOL DISTRICT OF SAN DIEGO COUNTY (a Public Corporation) et al., Respondents.

A. M. Thompson and Robert B. Burch for Appellant.

Thomas H. Whelan, District Attorney, Frank D. Dunn, Deputy District Attorney, and Frank J. Macomber for Respondents.

MARKS, J.—This is an appeal from a judgment on the pleadings which was rendered in favor of Escondido Union

High School District of San Diego County and the Grossmont Union High School District of San Diego County, both duly organized and existing union high school districts.

In considering whether the judgment is supported by the record it is only necessary for us to determine whether or not the complaint states a cause of action against the Union High School Districts of Escondido and Grossmont. In order to support such a judgment there must be an entire absence of allegation of some necessary fact or facts. This court cannot consider anything outside of the complaint itself and must disregard any defect that might be reached by a special demurrer. (*Hibernia Sav. & Loan Soc.* v. *Thornton*, 117 Cal. 481 [49 Pac. 573].)

The complaint alleges the legal existence of the two union high school districts; that appellant was a student in one of them; that John W. Gray was an employee of the Escondido Union High School District and L. T. Simmons of the Grossmont Union High School District; that in August, 1931, the duly authorized officers of the districts arranged an agricultural school tour for some of their students in the agricultural courses; that the Grossmont Union High School District furnished its bus and the districts placed Gray and Simmons in charge of the tour; that appellant was selected for the tour of inspection, which visited at the State Agricultural College at Davis, California, and agricultural exhibits at other points in California; that Gray and Simmons alternated in the actual driving of the bus and that all of the students were under their care and control; that Gray and Simmons were acting as employees of the two districts and in the course of their employment; that on August 28, 1931, when the party was returning from the tour, and at a point on a public highway about ten miles north of the city of Paso Robles, Gray, who was operating the bus, drove carelessly, negligently and without regard for the safety of appellant and the other passengers and at an undue rate of speed on a curve in the highway and into collision with an automobile driven by George Warner, causing the serious injury of appellant. It is alleged that the accident was caused by the concurrent negligence of Gray, Simmons and Warner. There is no allegation that a verified claim or demand for damages was filed within ninety days from the date of the accident with either of the high school districts.

Respondents state the questions to be decided upon this appeal as follows: "1. Is an action of the sort outlined in the above-described complaint such as to come under the provisions of section 1 of Act 5150 of Deering's General Laws, 1931, so as to require the filing of a claim with the secretary of the legislative body of the School District within ninety (90) days from the time of the accrual of the cause of action and before the commencement of the action, and

"2. Is there any authority in the law for the planning and carrying out of a joint trip such as this by the School Boards so as to make the teacher handling this trip the authorized agent and employee of the School District, and thereby holding the District liable for any negligent act of these teachers during such trip?

"This latter question may be divided into two branches: (a) Can the Escondido High School District be held chargeable for the negligence of its teacher John W. Gray under the circumstances as outlined above? and (b) can the Grossmont Union High School District be held chargeable for the negligence of John W. Gray, a teacher of the Escondido Union High School District, under circumstances as outlined above?"

Respondents' contention that the filing of a verified claim for damages is a necessary prerequisite to the institution of this action is based on language contained in section 1 of an act of the legislature approved June 19, 1931 (Stats. 1931, p. 2476), as follows: "Whenever it is claimed that any person has been injured or any property damaged as a result of the dangerous or defective condition of any public street, highway, building, park, grounds, works or property, and/or the negligence or carelessness of any public officer, a verified claim for damages shall be presented in writing and filed with such officer and the clerk or secretary of the legislative body of the municipality, county, city and county, or school district, as the case may be, within ninety days after such accident has occurred."

In considering the question here presented we should keep before us three acts of the legislature, each of which waives the immunity of a public agency against suit for damages when such agency is acting in its governmental capacity and is exercising a governmental function. These acts are the

act approved June 13, 1923 (Stats. 1923, p. 675), which we will call the Public Liability Act, section 1714½ of the Civil Code, and section 2.801, article IV, part II, of the School Code. ▮ A right of action against a public agency, or its officers, performing a governmental function, only arises in those instances where it is authorized by law. (*Pittam* v. *City of Riverside*, 128 Cal. App. 57 [16 Pac. (2d) 768].)

The Public Liability Act gives such a right of action: (1) (sec. 2) Against the public agency for damages to person or property "resulting from the dangerous or defective condition of public . . . property" in cases and under conditions there specified, and (2) (sec. 1) Against the "member of any . . . board of school trustees . . . for the negligent act or omission of any appointee or employee . . . when the member or members of such board making such appointment or employment knew or had notice that the person appointed or employed was inefficient and incompetent. . . . "

Section 1714½ of the Civil Code provides a liability on the part of a school district owning a motor vehicle for damages by reason of death or injury to person or property resulting from the negligent operation of such motor vehicle by its officer, agent, or employee when acting within the scope of his office, agency or employment. This section would seem to restrict actions brought under it to those cases where the injury was caused by a motor vehicle *owned* by the defendant district and negligently operated by an officer, agent or employee of the district owning the vehicle and acting within the scope of his office, agency or employment. The phrase "operation of any said motor vehicle" in this section is used "in its popular and ordinary sense as applied to motor vehicles". (*Chilcote* v. *San Bernardino County*, 218 Cal. 444 [23 Pac. (2d) 748, 749].) In the instant case the bus was owned by the Grossmont Union High School District and at the time of the accident was being operated by Gray, who was an employee of the Escondido Union High School District. Of course, it is also alleged that the bus was under the joint control of Gray and Simmons. It is not necessary for us to decide whether a liability on the part of either or both districts would be created by this section under these facts.

Section 2.801 of the School Code creates a liability on the part of a school district for injury "to person or property arising because of the negligence of the district or its officers or employees". In speaking of section 1623 of the Political Code, which was re-enacted with modifications in the School Code, the Supreme Court said: "As amended in 1923 (it) creates a liability on the part of the school districts for damages sustained by a pupil by reason of the negligence of the school district, its officers or employees." (*Ahern* v. *Livermore Union High School Dist.*, 208 Cal. 770, 782 [284 Pac. 1105, 1110].) It would seem that the district is liable to a pupil for damages following an injury caused by the ordinary negligence of the district, its officers or employees. (*Damgaard* v. *Oakland High School Dist.*, 212 Cal. 316 [298 Pac. 983]; *Maede* v. *Oakland High School Dist.*, 212 Cal. 419 [298 Pac. 987]; *Henry* v. *Garden Grove Union High School Dist.*, 119 Cal. App. 638 [7 Pac. (2d) 192].)

██ Section 1623 of the Political Code was re-enacted in 1931 into sections 2.800 to 2.806, inclusive, of the School Code with an important change in language. The old section restricted liability to "a pupil". The new section enlarged this to liability for injury "to person or property" without the former limitation. This would seem to extend the liability to all damages to person or property caused by ordinary negligence of the district, its officers or employees, acting within the scope of their office or employment.

██ We have seen that the act approved June 19, 1931 (Stats. 1931, p. 2476), requires a verified claim to be filed where injury to person or property results from a "dangerous or defective condition" of certain publicly owned property or where it is caused by the negligence of an officer. This suit is not predicated upon the negligence of an officer of either school district nor could it be as a school-teacher is not such an officer. (*Leymel* v. *Johnson*, 105 Cal. App. 694 [288 Pac. 858].) In so far as the provisions of this act are involved here, it only requires the filing of the verified claim where injury or damage results from a dangerous or defective condition of some form of public property. This parallels the provisions of the Public Liability Act which gives the right of action for damages so caused. It does not by its terms require the filing of any such claim where the

injury results from damage caused by negligence to recover which the right to sue is given by section 1714½ of the Civil Code or section 2.801 of the School Code. The complaint does not attempt to bring the cause of action within the terms of the Public Liability Act, but within the provisions of either section 1714½ of the Civil Code or section 2.801 of the School Code. As the act in question does not require the filing of any verified claim for damages before instituting an action under the provisions of those code sections, it was unnecessary to allege the filing of such a claim.

In considering the second contention of respondents we wish to observe that the complaint in this action is far from a model pleading. It is uncertain and leaves much to intendment. However, the uncertainty of a pleading furnishes no ground for support of a judgment on the pleadings. We believe that the allegations of the complaint or the necessary inferences to be drawn from them set forth the following facts: That the two high school districts included agricultural courses in their curricula and that appellant was taking such a course in one of them; that the boards of trustees of the districts planned the tour in question for the instruction of the students taking it; that Gray and Simmons were placed in charge of the tour by the districts; that while Gray was driving the bus at the time of the accident it was under the joint control of both men; that their negligence, concurring with that of Warner, was the proximate cause of the accident. The only question now arising is whether the boards of trustees had any authority in law to authorize the tour.

Respondents urge that we should take judicial notice that both schools were in vacation during August, 1931. We have no knowledge on this subject. We do know that some of the high schools in the state commence their regular fall terms early in August. We hesitate to take judicial notice of a fact concerning which we have no information.

Section 3.805 of the School Code provides that high schools may give courses in agriculture. Section 3.670 of the same code provides that school boards may maintain vacation schools of high school grade. The two respondent schools were therefore authorized to give instruction in

agriculture during either the regular school term or in vacation schools.

Section 1.80 of the School Code authorizes school boards to furnish transportation to pupils under the conditions there specified. Section 1.90 of the same code provides: "The governing board of any school district may use the school busses of the district to transport pupils attending the schools of the district to and from school athletic contests or other school activities held within or without the district and in which such pupils participate."

We therefore conclude that if the tour was a regularly and legally constituted school activity of the respondent high schools, that a liability would attach for injury "to person or property arising because of the negligence of the . . . employees" of the districts, or against either district because of the negligence of its employee. (Sec. 2.801, School Code.) Out of an overabundance of caution we deem it best to state that we are establishing the law of the case only in so far as the sufficiency of the complaint is concerned. The evidence may not support some of the inferences which we have drawn from the allegations.

We suggest that appellant, if he be so advised, be permitted to amend his complaint.

Judgment reversed.

Barnard, P. J., and Jennings, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 13, 1933.