[Civ. No. 8408. Second Appellate District, Division One.—November 26, 1934.]

FRANCES BRIDGE, a Minor, etc., Respondent, v. THE BOARD OF EDUCATION OF THE CITY OF LOS ANGELES et al., Appellants.

Everett W. Mattoon, County Counsel, and Clarence B. Penn and W. B. McKesson, Deputies County Counsel, for Appellants.

Samuel A. Rosenthal and Golden & Kaufman for Respondent.

HAHN, J., *pro tem.*—Defendant appeals from a judgment rendered against it for $6,000 for injuries alleged to have been suffered by plaintiff, a ten year old child, who on the twenty-sixth day of April, 1930, was injured while playing on the school grounds of the Hoover Street school, where she attended as a pupil. The complaint alleges as the proximate cause of her injuries, the negligence of the Los Angeles City Board of Education and its officers and agents in maintaining on the school grounds a concrete sprinkler box projecting above the immediate surface of the ground.

The main point urged by appellant for a reversal of the judgment is, that plaintiff's cause of action may be maintained only under and by virtue of the provisions of an act of the legislature adopted in 1923, known as Act No. 5619 (Deering's Gen. Laws, 1931 ed., Stats. 1923, p. 675), and that plaintiff has failed to prove the necessary elements specifically required by that act.

Section 2 of Act 5619, which is the only part of the act pertinent to the question here involved, reads as follows: "Counties, municipalities and school districts shall be liable for injuries to persons and property resulting from the dangerous or defective condition of public streets, highways, buildings, grounds, works and property in all cases where the governing or managing board of such county, municipality, school district, or other board, officer or person having authority to remedy such condition, had knowledge or notice of the defective or dangerous condition of any such street, highway, building, grounds, works or property and failed or neglected for a reasonable time after acquiring such knowledge or receiving such notice, to remedy such condition or failed and neglected for a reasonable time after acquiring such knowledge or receiving such notice to take such action as may be reasonably necessary to protect the public against such dangerous or defective condition."

Respondent in reply contends that the action may be maintained under the provisions of section 2.801 of the School Code, which at the time of the accident read as follows: "Boards of school trustees, high school boards, junior college boards, and boards of education are liable as such in

the name of the district for any judgment against the district on account of injury to any pupil arising because of the negligence of the district, or its officers or employees.'' (The above-quoted section from the School Code is the re-enactment of a similar provision contained in section 1623 of the Political Code as amended in 1923.) In support of her contention respondent cites *Ahern* v. *Livermore Union High School District*, 208 Cal. 770 [284 Pac. 1105], *Meade* v. *Oakland High School District*, 212 Cal. 419 [298 Pac. 987], and *Damgaard* v. *Oakland High School District*, 212 Cal. 316 [298 Pac. 983], which, it is contended, are decisive of the question. Appellant argues that these and other cases, wherein judgments obtained against school districts for injuries suffered by pupils of the district through the negligence of its employees were sustained, should not be held to be determinative of the question here involved for the reason that in those cases there was not involved the ''dangerous or defective condition of school property'', but rather the immediate negligence of a teacher in the conduct of his or her classroom work, which circumstance admittedly did not bring the cases within the provisions of Act No. 5619.

Appellant argues in persuasive fashion that inasmuch as a right of action against a school district for the negligence of its officers or employees may be maintained only because of statutory enactment, one bringing such an action will be held strictly to the terms of the statute authorizing the liability. That inasmuch as Act No. 5619 is the only statute that authorizes the maintaining of an action for injuries suffered on the school premises, plaintiff in her complaint and proof must bring herself within the scope of that act.

Premised upon this argument appellants contend that the cases cited by respondent are not in point, for in each of the above-cited cases the basis of the action was not the defective or dangerous condition of school property, but rather the dereliction of duty on the part of a teacher in the conduct of his direct or immediate relation to the pupil in the classroom. That the negligence upon which the right of action is based under the provisions of Act 5619 is not in the fact of the existence of the defective or dangerous condition of the property, but rather in the failure to remedy an existing defect, or remove a dangerous condition within

a reasonable time after the school authorities have had notice that such conditions existed. In other words, the law gives no right of action against the school district simply because defective or dangerous conditions of the school premises were the cause of one's injuries. An essential element to such right of action is the notice to the proper school authorities and the subsequent failure to remedy the defect.

This contention was made in part at least in the Ahern, Damgaard and Meade cases, *supra*, cited by respondent, but failed to receive the approval of the court in either of those cases. In the Ahern case the court engaged in a most comprehensive discussion of the meaning, purpose and application of Act No. 5619, and of section 1623 of the Political Code as amended in 1923, and in conclusion makes the following comprehensive statement as to the meaning and scope of each of these statutes: "Act 5619 deals with the liability of counties, municipalities and school districts to the general public for defective or dangerous conditions in the streets, grounds or property of the counties, municipalities, or school districts while that portion of the amendment to section 1623 of the Political Code enacted in 1923, with which we are now concerned deals with the liability of the school district to school children for the negligence of the district or the officers or employees resulting in injury to said children. It is evident from the terms of these two legislative enactments that Act 5619 is a general act, defining the liability of the public bodies named therein to the general public and specifying the conditions under which said liability may attach, while the amendment of 1923 to section 1623 of the Political Code is a special act and purports to deal only with the liability of school districts to the children of the district for the negligence of the district or its officers or employees. In such a case the provisions of the special act must prevail over the terms of the general statute." The language of this declaration, in the light of the discussion which precedes it, would seem to leave little room upon which to ground the contention that it was not intended to declare the law applicable to the facts as they appear in the instant case.

In the Meade case, *supra*, the plaintiff was injured by an explosion caused by a defective or improper gauge attached to an oxygen tank which had been furnished by the teacher

to the pupils for use in connection with their classroom work. In that case the first count in the complaint was clearly drawn so as to bring the action within the provisions of Act No. 5619, alleging a defective condition of the gauge, knowledge of such defect on the part of the school authorities and failure to correct the defect within a reasonable time, while counts two and three charged negligence against the school authorities in general terms. On appeal from the judgment in favor of plaintiff, the defendant urged that there was no evidence of knowledge on the part of the school authorities of the defective condition of the gauge, which was a necessary element under Act No. 5619, in order to sustain a judgment against the school district. The court, while expressing the opinion that there was sufficient evidence to support a finding of knowledge, declared the point to be of no importance, for under counts two and three, which stated a good cause of action under section 1623 of the Political Code, as amended in 1923, no notice to the school authorities was required. In arriving at this conclusion the court specifically reaffirms its decision in the Ahern case. No attempt is made by the court to distinguish the case from the Ahern case, although the injury resulted from a gauge that was either defective or dangerous when attached to the tank. So it may be inferred that the court in the case of *Dawson* v. *Tulare Union High School,* 98 Cal. App. 138 [276 Pac. 424], in referring to the case of *Huff* v. *Compton City Grammar School District,* 92 Cal. App. 44 [267 Pac. 918], as a "similar case", considered that it was immaterial whether the injury resulted from defective condition of property belonging to the district, as that of the dolly on which the piano was placed in the Dawson case, or the negligence of the janitor in leaving the burning rubbish in the incinerator unguarded as in the Huff case.

However persuasive may be appellants' argument on the point under discussion, it appears from the record that the complaint sufficiently pleads the elements necessary to bring the case under Act No. 5619. The court found for plaintiff on these material points and there is sufficient evidence to support the findings. The maintenance of the cement box on the school grounds is admitted. ■ The principal of the school testified that she knew of the box being

there for "several years" in the same condition as it was on the day plaintiff was hurt. Appellants concede that actual notice of the existence of the cement box was not necessary to put the school district on notice. The period of its known existence by the principal of the school was sufficient to establish constructive notice. (*Huff* v. *Compton City Grammar School District, supra; Dawson* v. *Tulare Union High School, supra.*)

 Appellants urge that the evidence does not justify the court's finding that the maintenance of the cement box in the manner shown constitutes negligence, or that it was either defective or dangerous. As these were questions of fact committed to the trial court for determination, we do not feel under the evidence that we are justified in disturbing the court's conclusions.

We do not discuss other points raised by appellants as we are of the opinion they are without merit.

Judgment is affirmed.

York, J., concurred.

CONREY, P. J., Concurring.—I concur in the judgment, solely on the ground that the facts pleaded, proved and found establish the existence of notice to defendants of the dangerous condition from which the accident originated, and because, therefore, the plaintiff had a cause of action coming within the conditions required by Act No. 5619. Notwithstanding the decision of the Supreme Court in *Ahern* v. *Livermore Union High School District,* 208 Cal. 770 [284 Pac. 1105], and unless that decision is the final word on the subject, I am of the opinion that where the negligence relied upon relates to the dangerous or defective condition of public property, there can be no cause of action without the notice or knowledge required under the terms provided in Act No. 5619. It seems to me that the dissenting opinion by Mr. Justice Preston (concurred in by Justices Richards and Shenk) correctly stated the law when he said that "a substantive right of action in such case is controlled by Act No. 5619 of the General Law". But let it be conceded that a right of action for injuries caused to a pupil by reason of negligence in maintaining a defective or otherwise dangerous condition of school property, as well as injuries

resulting from other descriptions of negligence, was authorized by section 1623 of the Political Code and is now authorized by section 2.801 of the School Code. Yet I see no reason why the legislature might not concurrently provide, as it did, that where the injury arises out of a dangerous or defective condition of public property (*any* public property), the right of action shall be limited to cases where there was knowledge or notice such as the Act No. 5619 requires. To hold otherwise, results in giving a preference to one class of litigants. Thereby other litigants, seeking the same relief and for the identical description of injury, are deprived of "the equal protection of the laws".