[Civ. No. 4662.   Third Appellate District.—January 7, 1933.]

PHILLIP F. ELLIS, Jr., a Minor, etc., Appellant, v. BURNS VALLEY SCHOOL DISTRICT OF LAKE COUNTY, Respondent.

Lovett K. Fraser for Appellant.

H. G. Crawford and Burt W. Busch for Respondent.

PULLEN, P. J.—Plaintiff, a pupil of the Burns Valley school, was injured during a course in physical education and as a result thereof, brought this action through his guardian *ad litem* against the school district. The case was tried by the court sitting without a jury, and from a judgment in favor of defendant, plaintiff appeals.

Plaintiff was a youth aged about thirteen years, weighing about seventy-five pounds and was a pupil in the eighth grade of the Burns Valley school. Glenn Baylard, involved in the injuries as hereinafter set forth, was a member of the sixth grade in the same school and was fifteen years of age weighing somewhat over two hundred pounds.

For twenty minutes of each school day all of the pupils of the fifth, sixth, seventh and eighth grades were compelled to take physical education as a part of the regular

school work under the supervision of a teacher in charge of the class. On the day in question the members of the class in physical education were, as a part of the requirements of the course, engaged in playing a running game known as Black Man or King King Calico. The game is played by one of the participants being designated as King and the others then run from one goal line to the other about forty yards distant. It is the object of the King to capture as many of the opposition as possible by tagging them three times, when they in turn join with the King in attempting to tag the others on the opposing side until all have been captured, those untagged endeavoring to avoid thus being captured. Phillip Ellis, Jr., and Glenn Baylard were on opposite sides and while running across the playing field they collided, which resulted in the injuries to plaintiff complained of.

The question involved is whether a school district is liable in damages for injury to a pupil received while playing a game during the physical education period in school hours on the school grounds with a teacher in attendance, and through no fault of any pupil of the school, by colliding with another pupil, having in mind also the difference in the age, school grade and weight of the various pupils in the group.

The board of education of each county must, in accordance with article VI of chapter 1, part V, division III, of the School Code, prescribe a course of physical education for all pupils enrolled in the day elementary schools during periods which shall average twenty minutes of each school day, compulsory for all pupils except those who may be excused from such training on account of physical disability.

There is no contention in this case of injury resulting from the dangerous or defective condition of any school grounds, equipment or property, and appellant in order to maintain his action against the district must bring himself within the provisions of section 2.801 of the School Code, which limits the liability of the district to injuries on account of its negligence. Appellant predicates the asserted negligence of the district on the fact that it compelled appellant, a youth of thirteen years, weighing about seventy-five pounds to join in a running game with a group in which

one member was aged fifteen years and weighed approximately two hundred pounds.

Appellant does not charge that respondent violated any general or school law and it therefore devolves upon him to prove either lack of care commensurate with and appropriate to all the surrounding circumstances or wilful injury.

California Jurisprudence states the general rule as follows: "But where a person pursues a calling or does an act lawful in itself and not in its nature hazardous or so conducive to harm as to be a nuisance, he may be held liable for injury arising therefrom only when he has been guilty of lack of care appropriate to the circumstances, or of wilful injury." (19 Cal. Jur., p. 545.)

If we analyze the rule as stated above with reference to the facts before us we find that respondent was performing a lawful act, viz., giving a course in physical education as prescribed by the school law. The trial court found the game was not hazardous, and although the evidence shows that prior to the accident there were some minor injuries and that children in their play had collided at times, we cannot say that the game as played is inherently hazardous or that any particular peril is attendant upon its play. To so hold would be to bar activity on the school ground, a thing impossible and undesirable and contrary to the very objects sought to be attained by physical education.

Among the aims and purposes of physical education as set forth in the School Code are, among others, to develop organic vigor, to provide neuro-muscular training, to promote bodily and mental poise, to secure the more advanced forms of co-ordination, strength and endurance, and to promote such moral and social qualities as appreciation of the value of co-operation, self-subordination and obedience to authority and higher ideals, courage and wholesome interest in recreational activities.

Neither can we say the game was so conducive to harm as to be a nuisance, for "nothing which is done or maintained under the express authority of a statute can be deemed a nuisance". (Sec. 3482, Civ. Code.)

Neither can we say that respondent was lacking in the required degree of care for the protection of appellant.

In giving the courses in physical education the school was divided into two groups, the children of the first, second,

third and fourth grades in one group and the pupils of the fifth, sixth, seventh and eighth grades in another group, under the supervision of the teacher of physical education.

The game of tag from which the game in question is undoubtedly developed has been played by the children of the race long before the annals of history and surely a court cannot say that there is anything inherently dangerous in the game nor that the school authorities had not given the proper care or consideration to the welfare of the players. A school cannot be required to exercise greater care than was here shown nor could it be considered necessary or proper to exclude a pupil from play because he was larger or stronger than his fellows. The evidence here also shows that these boys were not pursuing one the other, but were intent upon different objects and came together with sufficient force so that both were cut and bruised. As a matter of common knowledge if two boys of equal size collide they might easily cause the injury here sustained, namely, a broken nose.

An examination of the evidence shows quite clearly that the colliding of the two boys was an unavoidable accident. Upon this subject, the court found: "That said injury was sustained by the said Phillip F. Ellis, Jr., and any and all injuries sustained by him while on the grounds and premises of the said defendant school district were caused by his accidentally coming in contact with one Glenn Baylard while playing a game upon the grounds of the said defendant school district during a period of time allotted to physical education".

The only element then, under which this action could be maintained, is that of wilful injury, and if we accept the definition of wilful to mean intentional or reckless indifference to the safety of others, or an intentional failure to perform a plain duty, we readily see that the case is entirely lacking in any element of wilfulness. Even appellant makes no such contention.

Proximate cause has been defined as "that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred". (*Baillargeon* v. *Meyers*, 180 Cal. 504 [182 Pac. 37, 39].)

■ Before negligence can be actionable a causal connection which proceeds in an unbroken course to the very point of the infliction of the injury must be shown between the negligent act and the injury. (19 Cal. Jur. 557.) For no matter how negligent a defendant may have been in the abstract, a cause of action is not made out unless that negligence is in some way fastened to the particular injury for which recovery is sought. (*Springer* v. *Pacific Fruit Exchange,* 92 Cal. App. 732 [268 Pac. 951].)

■ The act of the respondent herein complained of must be connected with the act of the boys in running into each other and it must not only appear that the injury is the natural and probable consequence of the negligent or wrongful act but that it ought to have been foreseen in the light of the attendant circumstances. One may not be held responsible for those consequences following from an act which could not have been anticipated by a reasonably prudent person.

■ Appellant bases his right to recovery under the provisions of Act 5619, General Laws (Stats. 1923, p. 675) and the following cases arising thereunder: *Ahern* v. *Livermore Union High School,* 208 Cal. 770 [284 Pac. 1105]; *Dawson* v. *Tulare High School,* 98 Cal. App. 138 [276 Pac. 424]; *Damgaard* v. *Oakland High School,* 212 Cal. 316 [298 Pac. 983]; *Maede* v. *Oakland High School,* 212 Cal. 419 [298 Pac. 987].

This act provides as follows:

Paragraph 2. " . . . School districts shall be liable for injuries to persons . . . resulting from dangerous or defective conditions of . . . buildings, grounds, works, and property . . . " We do not believe this act is applicable to the instant case and the only act under which appellant might have maintained this action was section 1623 of the Political Code as amended in 1923.

An examination of the cases cited above reveal the fact they each dealt with a piece of defective equipment or property. In the Ahern case a boy was injured by coming in contact with a power saw. In the Dawson case the vibration of the floor caused a piano to fall from a "dolly" causing the injury. In the Damgaard case it was an explosion caused by a chemical reaction in a test tube. In the Maede case the oxygen tank exploded. In the case of *Smith* v.

*Martin,* (1911) 2 K. B. 775 [Ann. Cas. 1912A, p. 334], the plaintiff was directed to "poke the fire and draw out the damper", and in complying with the order, her dress became ignited. In the case of *Redfield* v. *School Dist. No. 3,* 48 Wash. 85 [92 Pac. 770], a pupil was scalded by the upsetting of a bucket of boiling water carelessly left unguarded. These cases are clearly distinguishable from the present case and are of no assistance in its solution.

We have examined the original complaint filed in this action to which a demurrer on the ground of uncertainty was sustained, but we do not consider that matter at this time in view of the conclusions reached by this court.

For the foregoing reasons the judgment is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 2, 1933.