[Civ. No. 8901. First Appellate District, Division Two.—April 26, 1933.]

WILMA L. HACK, a Minor, etc., et al., Respondents, v. SACRAMENTO CITY JUNIOR COLLEGE DISTRICT OF SACRAMENTO, CALIFORNIA, Appellant.

Butler, Van Dyke, Desmond & Harris and Gerald M. Desmond for Appellant.

Chester F. Gannon for Respondents.

STURTEVANT, J.—In an action to recover damages for personal injuries, the trial court made findings in favor of the plaintiffs and from the judgment entered thereon the defendant district has appealed.

On the trial of the action considerable evidence was introduced without objection, which was outside of the issues made by the pleadings. In other words, the parties treated those subjects as being within the issues. In making findings, the trial court found on the issues made at the trial as well as those made by the pleadings. Such findings show the following facts:

Wilma L. Hack is a girl seventeen years of age and Lois R. Hack is her mother. On October 13, 1931, Lois R. Hack was appointed guardian *ad litem* of her daughter and commenced this action. The defendant is a duly organized school district located in the city of Sacramento. On September 4, 1931, Wilma Hack was a student duly enrolled in the school maintained by the defendant district. At about 4 P. M. on that date she was attending her class in the art building. The class was working on the subject of stage craft. In another room there were a number of "flats", one of which was wanted in the classroom. The "flats" were parts of movable scenery consisting of wooden frames covered with canvas. Each one weighed about twenty-five pounds and was six by twelve feet square. There were twelve or fifteen of them and they were leaning up against a wall, one immediately adjacent to the other. The one that was wanted stood next to the wall. Mr. William G. Halstead, the teacher in charge, directed two students, Arthur Hunt and George Thorne, to go and get the flat. They went and, on observing the arrangement of the stack, one of the boys leaned the outer one farther outwards

while his associate stood there and supported it. The work so continued and was in progress when Wilma Hack and another girl came by to get some paint as directed by the teacher. Just as they were passing the flats, the load had become so heavy that the student who was attempting to support it stepped aside and allowed the flats to fall. As the flats fell they knocked Wilma down and fell on top of her. It was found by the court that the stack of flats was not secured to the wall by means of a rope or otherwise. It was also found that the two students were physically incapable of and inexperienced in the handling of said flats. It was also found that " . . . the said defendant, its servants, agents, and employees, at said time and place so negligently, recklessly and carelessly removed said flat from the pile of flats . . . " that the flats fell on and injured Wilma. Other facts were found by the court stating the nature of the injury, etc. In response to an allegation contained in the amended answer the trial court found "That it is true that plaintiff Wilma L. Hack did not file a verified claim for damages in writing with the clerk or secretary of said Sacramento City Junior College District of Sacramento, California, within ninety days after the occurrence of the accident referred to in plaintiffs' complaint and that it is true that no verified claim was filed containing the name and address of the claimant Wilma L. Hack or the dates and/or places of the accident and/or the extent of the injury and/or damages received." In connection with the foregoing it may be observed that the plaintiffs' complaint was filed October 13, 1931, and that the amended answer just referred to was filed on January 25, 1932, about one week before the trial was had.

The defendant district contends that the plaintiffs had no cause of action because they failed to file their claim. (Stats. 1932, chap. 1167.) It also claims that the findings of negligence are not supported by the evidence. As we think that the latter point is well founded, it is not necessary to discuss the first point.

■ As recited above, the trial court found that the stack of flats was not secured to the wall by means of a rope or otherwise. There was neither allegation nor proof that in the exercise of proper care such flats should be stored in any particular manner or that the stacks should be

secured with a rope or otherwise. (*Manwell* v. *Durst,* 178 Cal. 752 [174 Pac. 881, 1 A. L. R. 669].) However, there was no evidence to the effect that however the flats were stacked or piled that they fell before being pulled down by Hunt and Thorne.

The trial court also found that Hunt and Thorne were physically incapable of, and inexperienced in, handling said flats. There was no evidence that either Hunt or Thorne, acting alone, could not lift or carry a flat weighing twenty-five pounds. There was no evidence that either Hunt or Thorne was inexperienced in handling said flats or that any experience was necessary. Again, there was no evidence that there was any danger in handling flats and, if so, that the instructor knew of such fact or that Hunt and Thorne did not know such fact. (*Manwell* v. *Durst, supra.*)

It was also found that " . . . the defendant, its servants, agents and employees, at said time and place so negligently, recklessly, and carelessly removed said flat from the pile of flats . . . " that the flats fell on and injured Wilma. But there is not a particle of evidence that this defendant, or its officers, or its employees participated, directly or indirectly, in the act complained of. The only officer or employee mentioned in the record is Mr. Halstead. He was not even present when the flats fell. There is no allegation, proof or finding that Hunt and Thorne were employees of the defendant. Its employees are those, and only those, who are designated by the board of education (School Code, sec. 5.770) and there is not a word to the effect that they had been so designated.

Prior to the amendment of section 1623 of the Political Code by chapter 145, Statutes of 1923, page 298 (which is now School Code, secs. 2.800–2.804), a school district was not liable for the negligence of its officers or employees because a school district was a state agency and the state had not consented to be sued. (*Shannon* v. *Fleishhacker,* 116 Cal. App. 258 [2 Pac. (2d) 835].) This principle is exhaustively considered and applied by the Supreme Court of Oklahoma in a suit against a school district. (*Consolidated School Dist.* v. *Wright,* 128 Okl. 193 [261 Pac. 953, 56 A. L. R. 152].) By the amendment of section 1623 of the Political Code, the state consented that a school district

could be sued for the negligent acts of the officers or employees of the district (*Ahern* v. *Livermore Union High School Dist.*, 208 Cal. 770 [284 Pac. 1105]), but counsel have cited no authority and we know of none that holds that a school district may be sued for the negligent acts of the students.

The fact that the students were attempting to carry out certain requests made by their instructor, Mr. Halstead, does not change the rule. In conducting class work a teacher must frequently give directions. While carrying out such directions the students may, in many ways, act without due care. But for their negligence in such matters the statutes have not gone to the extent of imposing a liability on the school district.

From what has been said we think it clearly appears that no act of negligence was alleged, proved or found against an officer or employee of the defendant. The utmost that can be claimed is that negligence was committed by the students Hunt and Thorne, who are not parties to the action.

The judgment is reversed.

Nourse, P. J., and Spence, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 22, 1933.