[Civ. No. 8873. First Appellate District, Division Two.—August 16, 1933.]

JAMES RAYMOND UNDERHILL, a Minor, etc., Appellant, v. ALAMEDA ELEMENTARY SCHOOL DISTRICT OF ALAMEDA COUNTY, STATE OF CALIFORNIA (a Body Corporate and Politic), et al., Respondents.

734

John H. Harvey for Appellant.

Earl Warren, District Attorney, Charles V. Barfield and Eldon B. Spofford, for Respondents.

SPENCE, J.—This action was brought by plaintiff, a pupil in an elementary school, seeking to recover damages from the defendant school district for injuries received in a baseball game played in the school yard. Defendants' demurrer to plaintiff's second amended complaint was sustained without leave to amend and from the judgment entered in favor of defendants, plaintiff appeals.

Plaintiff attempted to state a cause of action under section 2.801 of the School Code imposing liability "on account of injury to any pupil arising because of the negligence of the district or its officers or employees". This section was formerly section 1623 of the Political Code and its provisions have been frequently considered. (*Ahern* v. *Livermore Union High School Dist.*, 208 Cal. 770 [284 Pac. 1105]; *Damgaard* v. *Oakland High School Dist.*, 212 Cal. 316 [298 Pac. 983]; *Maede* v. *Oakland High School Dist.*, 212 Cal. 419 [298 Pac. 987]; *Henry* v. *Garden Grove Union High School Dist.*, 119 Cal. App. 638 [7 Pac. (2d) 192]; *Ellis* v. *Burns Valley School Dist.*, 128 Cal. App. 550 [18 Pac. (2d) 79].) There is but one of the authorities mentioned in which the injuries were incurred by the pupil while at play and in that case a judgment in favor of the district was affirmed on appeal. (*Ellis* v. *Burns Valley School Dist.*, *supra.*) There is no doubt, however, that the section is broad enough in its terms to cover injuries received by a pupil while playing in the school yard provided such injuries arise "because of the negligence of the district or its officers or employees".

The allegations of the complaint herein show that the injuries to plaintiff were directly caused by the swinging of a baseball bat by one of plaintiff's fellow pupils while participating in a baseball game in the school yard. Before discussing the allegations of the complaint by which plaintiff attempted to state a cause of action against the defendant district, we deem it appropriate to make certain observations.

It has long been recognized that the physical development of the child must go hand in hand with his mental development. The importance of physical exercise is therefore stressed in our School Code, which expressly requires that "attention must be given to such physical exercises for the pupils as may be conducive to health and to vigor of body". (School Code, sec. 3.41.) It is a matter of common knowledge that the school authorities have quite generally provided play areas adjacent to the school buildings and have encouraged and sponsored the playing of such games as baseball, basketball, volleyball, handball and the like and have provided equipment therefor. Baseball, as commonly played in school yards, differs from baseball as played upon the baseball field in that an appropriate type of softer ball is ordinarily used which renders negligible the chance of injury in the event that anyone is struck thereby. All of the above-mentioned games contribute to the physical development of the pupils participating and there is nothing inherently dangerous about any of them. They seldom result in injury to either the participants or spectators and are ordinarily played by school children of all ages without adult supervision. Nevertheless it is also a matter of common knowledge that children participating in such games and in fact in any form of play may injure themselves and each other and that no amount of precaution or supervision on the part of parents or others will avoid such injuries. The injuries which may result from the playing of said games are ordinarily of an inconsequential nature and are incurred without fault on the part of anyone. In such cases there is no liability and, of course, the fundamental rules governing liability remain the same even though the particular injury may prove to be of a more serious nature. The law does not make school districts insurers of the safety of the pupils at play or elsewhere and no liability is imposed upon a district under the above-mentioned section in the absence of negli-

gence on the part of the district, its officers or employees. With the foregoing observations in mind we believe that whenever an attempt is made to recover damages from a school district for such injuries, the complaint in the action must set forth facts clearly showing a violation of a duty of care imposed upon the school authorities.

Plaintiff's complaint herein was in two counts. Defendants' demurrer was both general and special. We need not consider the special demurrer challenging the certainty of the complaint in numerous particulars for we believe that under the circumstances the defects in the complaint made it subject to the general demurrer. Plaintiff's claims of negligence appear to have been based on the allegations that the district negligently failed to provide a safe playground for plaintiff in that the pupils were required to play in "one small single enclosed yard" without "segregation or separation"; that the district negligently sponsored the playing of baseball in said yard and negligently supervised the playing of such baseball game. It is alleged "that plaintiff and other children of tender and delicate years were taking part in such game and/or were playing in the immediate vicinity of such game" and that "larger pupils" were participating in the game. We believe these allegations are wholly insufficient. We pause to point out that it is impossible to tell whether plaintiff was a participant in the game or was playing in the immediate vicinity. This may not be of vital importance on the consideration of the general demurrer, but we deem it appropriate to call attention to the confusion brought about by the misuse of the term "and/or". (See *Putnam* v. *Industrial Commission,* (Utah) [14 Pac. (2d) 973].) Plaintiff places great stress in the briefs upon the size of the school yard. It is merely alleged in the complaint that it was "small" and we presume that said allegation was intended to convey the impression that the yard was inadequate in size for the playing of the game in question. The word "small" is a relative term which is meaningless from a legal standpoint when applied to a school yard. It is of no greater value to the pleader here than were the allegations in *Hauser* v. *Pacific Gas & Electric Co., ante,* p. 222 [23 Pac. (2d) 1068, 1070], that certain wires were "in dangerous proximity" to and at "an insufficient height" above ground. It was there said: "Such words are

meaningless as allegations of fact and are averments of the opinion of the pleader only.'' Plaintiff also stresses the fact that ''larger'' pupils were playing in the game, but the word ''larger'' is but of little significance when it does not appear how much larger or older than plaintiff these pupils were. Few games are ever played where all the participants are of absolutely uniform size and age and an allegation that certain participants were ''larger'' pupils can have no tendency to show negligence on the part of those sponsoring the game. Plaintiff's complaint fails to show that the school yard was inadequate in size for the purpose for which it was used and fails to show that there was anything about the nature of the game played which would require that only children of uniform age and size be permitted to engage therein or remain in the vicinity thereof. Plaintiff proceeds upon the theory that the district was under a duty to segregate the pupils in some manner, to refrain from sponsoring the game and, if the game was permitted, to supervise the play. We know of no express provision of law placing any such duties upon the district and plaintiff has failed to set forth facts which would give rise to such duties. In the absence of appropriate allegations for that purpose a cause of action is not stated by merely alleging generally that the district negligently failed to segregate the pupils, negligently sponsored a baseball game and negligently supervised the game.

From all that appears in the record, we are inclined to believe that plaintiff's unfortunate injury was one of those occasional accidental injuries of a serious nature which befall certain children while at play without fault on the part of anyone. At any rate we are of the opinion that the allegations of plaintiff's complaint were insufficient and that the demurrer was properly sustained.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 13, 1933.