[Civ. No. 9316. First Appellate District, Division Two.—June 13, 1934.]

SPROUL McCLOY, etc., Respondent, v. HUNTINGTON PARK UNION HIGH SCHOOL DISTRICT OF LOS ANGELES COUNTY (a Corporation), Appellant; HARRY W. FLETCHER et al., Defendants.

Everett W. Mattoon, County Counsel, and Ernest Purdum, Deputy County Counsel, for Appellant.

Ezra Neff for Respondent.

SCHMIDT, J., *pro tem.*—This appeal is from a judgment in favor of plaintiff and against the Huntington Park Union High School District arising from injuries to plaintiff claimed to have been caused through the negligence of a fellow student; the additional claim being made that said fellow student acted under the order or direction of one of the teachers of the school.

Several questions are raised. Only one need be considered as it is determinative of this appeal. In an action for damages for personal injuries to a student arising from the negligent act of a fellow student, even though such fellow student act upon the order, direction or instruction of an instructor of the school, can such injured student maintain an action for damages against the school district?

Since the trial of this action in the court below and the taking of this appeal, this department of the appellate court held to the contrary in *Hack* v. *Sacramento City Junior Col. Dist.*, 131 Cal. App. 444 [21 Pac. (2d) 477]. Commencing bottom page 447: "By the amendment of section 1623 of the Political Code" (Stats. 1923, p. 298—which is now School Code, secs. 2.800–2.804), "the state consented that a school district could be sued for the negligent acts of the officers or employees of the district (*Ahern* v. *Livermore Union High School Dist.*, 208 Cal. 770 [284 Pac. 1105]), but counsel have cited no authority and we know of none that holds that a school district may be sued for the negligent acts of the students.

"The fact that the students were attempting to carry out certain requests made by their instructor, Mr. Halstead, does not change the rule. In conducting classwork a teacher must frequently give directions. While carrying out such directions the students may, in many ways, act without due care. But for their negligence in such matters the statutes have not gone to the extent of imposing a liability on the school district.

"From what has been said we think it clearly appears that no act of negligence was alleged, proved or found against an officer or employee of the defendant. The utmost that can be claimed is that negligence was committed by the students Hunt and Thorne, who are not parties to the action."

A petition for hearing in the Supreme Court was denied.

Analogous decisions are found in *Ellis* v. *Burns Valley School District*, 128 Cal. App. 550 [18 Pac. (2d) 79], and *Underhill* v. *Alameda Elementary School District*, 133 Cal. App. 733 [24 Pac. (2d) 849].

At the close of plaintiff's case at bar defendant and appellant moved the trial court for a nonsuit as well as for a directed verdict. In view of the foregoing, the motion for a directed verdict should have been granted.

Judgment reversed.

Nourse, P. J., and Sturtevant, J., concurred.