[Civ. No. 8555.   Second Appellate District, Division Two.—January 23, 1935.]

LeROY GOODMAN, a Minor, etc., et al., Respondents, v. PASADENA CITY HIGH SCHOOL DISTRICT et al., Appellants.

Everett W. Mattoon, County Counsel, and Ernest Purdum, Deputy County Counsel, for Appellants.

Samuel A. Rosenthal and Burton Briggs Crane for Respondents.

MOORE, J., *pro tem.*—The plaintiffs are father and son. They obtained verdicts against defendants for the sum of

fifteen thousand dollars for injuries received by LeRoy, and in the sum of two thousand dollars for damages suffered by the father by reason of said injuries to the son. The action arose out of an accident which occurred in the mechanics shop of the McKinley Junior High School of the Pasadena City School District March 25, 1930, when the child was thirteen years and nine months of age.

The shop was a spacious, well-lighted room. It was occupied by lathes, a forge and furnace, an equipment for melting metals, tables, benches, old chassis and sundry apparatus. It had been inspected by the safety engineer of the California Industrial Accident Commission and, with all of its contents, it satisfied every reasonable safety requirement. In this room LeRoy had been directed by his teacher to "write up" his lesson, and was assigned to a seat in a corner distant from others engaged in experimental work. The instructor, Francis Appleton, had received a course in technical training in the University of California, had taught mechanics for nine years and had been with the Pasadena schools for ten years, and in all had acquired over fifteen years of practical experience.

LeRoy had attended the auto mechanics class for more than one semester and had been liberally instructed concerning the use of metals as well as the dangers attendant upon the use of tools and the handling of materials. Just prior to the accident the boy had been in the room half an hour. At the same time about twenty youths were there engaged in their several tasks. Upon completing his assignment, instead of observing the order of the instructor to report to him, LeRoy approached a position about twelve feet from a vise where three boys were engaged in pounding aluminum. In that position he had stood about three minutes when a piece of metal entered his eyeball, which ultimately resulted in its destruction. He had had some experience in breaking aluminum but had never seen any fragments fly.

The record discloses no proof that any school authority knew that aluminum shatters when pounded, although the pupils had been advised with reference to the striking together of steel implements. The students had all been advised to wear goggles when working around the emery wheel, but at no other work in the shop was it deemed

advantageous to wear goggles for the protection of one's eyes. It is not shown that any instructor knew that goggles were necessary for the safety of a spectator within the shop.

Upon the trial of the action plaintiffs proceeded upon the theory that under the pounding of the aluminum by his fellow students a fragment thereof entered LeRoy's eye, and that this could have been prevented had LeRoy been required to wear goggles while in the shop. The exact character of the metal was never definitely established, but from the rust stain upon the blue iris of the boy's eye it is indicated that the metal penetrating the cornea contained iron.

On this appeal appellants urge that no agent of the district was negligent, that respondent LeRoy Goodman was negligent and that his costudents caused the injury.

The complaint charges that on or about the twenty-fifth day of March, 1930, defendants negligently maintained and supervised a certain machine shop of said school, and the equipment and supplies used therein by the students, and negligently allowed said minor to be in and about said machine shop without providing for said student a safe place to work in; and failed to provide for him safe surroundings and to "protect him from injury at the hands of his costudents who were then and there engaged in work in and about said machine shop, whereby and because whereof a piece of metal was caused to penetrate the right eye of said minor, which piece of metal came from a certain metallic substance which was then and there being used and worked on by the costudents of said minor plaintiff in said machine shop". The action is based upon section 2.801 of the School Code, which reads as follows: "Boards of school trustees, high school boards, junior college boards and boards of education are liable as such in the name of the district for any judgment against the district on account of injury to person or property arising because of the negligence of the district or its officers or employees." This section is an explicit authorization to sue a school district for injuries arising from negligence.

In the instant case plaintiffs could recover by proving either that there existed in the machine shop a danger that was known to the authorities, who neglected to guard the pupils against it, or that there was an unknown peril

which by the exercise of reasonable care under the same circumstances a reasonably prudent person would have discovered. The negligence suggested by plaintiffs was the failure to require the pupils to wear goggles in the presence of the possible injury from flying particles of hammered metal. However, the record discloses no substantial evidence that there existed such danger which was known or ought to have been known to the authorities. █ "The law does not make school districts insurers of the safety of the pupils at play or elsewhere, and no liability is enjoined upon a district under the above-mentioned section in the absence of negligence on the part of the district, its officers or employees." (*Underhill* v. *Alameda Elementary School District,* 133 Cal. App. 733 [24 Pac. (2d) 849, 851]; *Ellis* v. *Burns Valley School District,* 128 Cal. App. 550 [18 Pac. (2d) 79].) "The fact that the students were attempting to carry out certain requests made by their instructor . . . does not change the rule. In conducting class work a teacher must frequently give directions. While carrying out such directions the students may in many ways act without due care. But for their negligence in such matters the statutes have not gone to the extent of imposing a liability on the school district. (*McCloy* v. *Huntington Park Union High School,* 139 Cal. App. 237 [33 Pac. (2d) 882]; *Hack* v. *Sacramento City Junior College District,* 131 Cal. App. 444 [21 Pac. (2d) 477]; *Ellis* v. *Burns Valley School District,* 128 Cal. App. 550 [18 Pac. (2d) 79].) "

For the reasons indicated we think the judgment must be reversed and that no particular advantage would result by going into other phases of the briefs.

Judgment reversed.

Stephens, P. J., and Crail, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 20, 1935, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 21, 1935.