[Civ. No. 10816. Second Appellate District, Division Two.—May 27, 1936.]

R. E. ARCHIBALD, Respondent, v. HERMAN SCHULTZ et al., Appellants.

Buel R. Wood, Franklin P. Bull and W. Frank Shelley for Appellants.

Ames Peterson and P. V. Davis for Respondent.

GOULD, J., *pro tem.*—Defendants executed and delivered their promissory note for $7,500, secured by deed of trust, to the nominee of C. Morton Booth as security to the latter for his attorney's fee. The parties had agreed upon a fee of $5,000, but when this could not be paid in cash the secured note was given in the expectation that it could be sold for the amount of the agreed fee. The services for which he was employed were performed by the attorney. Nothing was paid upon the note, and this action was then instituted by the assignee of Booth, the latter since deceased. Evidence introduced at the trial in support of appropriate allegations in the complaint disclosed that while the note and trust deed were in the name of Booth's original nominee (not the plaintiff-assignee in this case), she was "wrongfully, unlawfully and by bribes" induced to certify that the note and trust deed had been paid and satisfied, so that a reconveyance of the real property was effected and the security for the note thus became valueless and lost to its holder. Upon trial without a jury the court rendered judgment for plaintiff in the sum of $5,000, finding that that amount was "due, owing and unpaid" upon the note. Defendants appeal.

In the midst of testimony with relation to the offer of "bribes" for reconveyance of the trust deed, counsel for defendants made a motion to strike such testimony and also stated that he renewed his demurrer to the complaint "on the ground that it doesn't state facts constituting a cause of action". The court denied the motion and overruled the demurrer. Appellants now complain that the court erred basing their argument wholly upon the proposition that because paragraph VI of the complaint, relating to the so-called bribes, alleged that the acts complained of were done by "defendants and/or their agents", it "presented a quandary

instead of an allegation of fact''. At no time in the progress of the trial or argument relating to the ''demurrer'' was objection made to the ''and/or'' expression, the point being raised for the first time upon appeal. Appellants also complain of the use of the same expression in the findings of the court upon the same subject.

The use and misuse of the term ''and/or'' has been the subject of much controversy in recent judicial pronouncements in this state (*Underhill* v. *Alameda Elementary School District*, 133 Cal. App. 733 [24 Pac. (2d) 849]) and elsewhere. It is often condemned as creating confusion and uncertainty, and that criticism applies in this case, leaving the record in doubt as to whether the acts complained of were committed by defendants or by their agents, or by defendants and their agents jointly. Appellants, however, suffered no prejudice either by the pleading or the court's ruling. As to the complaint, the matter could have been readily reached by filing a timely demurrer for uncertainty, which the pleader did not do. It is, moreover, immaterial whether defendants or their agents or both of them committed the acts. The ultimate fact sought to be proved was that the security for the note was rendered valueless, which allegation was properly pleaded in the complaint and found as a fact by the court in certain and definite language. Appellants were not prejudiced by the uncertainty of which they complain.

There is no merit in the contention that defendants' motion for nonsuit should have been granted. Motion was made simply ''on the ground of failure of proof as provided for by section 471 of the Code of Civil Procedure''. The motion should have specifically stated the precise grounds upon which it was made, and should have shown wherein plaintiff had failed to make out a case for recovery. (9 Cal. Jur. 548.)

Neither is there merit in appellants' claim that the motion for nonsuit should have been granted because there was no proof of assignment and no consideration for such assignment. There was direct proof of assignment by an instrument in writing, and such written instrument is itself presumptive evidence of consideration. (Civ. Code, sec. 1614.)

Testimony was presented as to various pledges of the promissory note involved herein, and for that reason appel-

lants now contend that other persons, assignees or pledgees, were necessary parties defendant. The court, however, found upon substantial evidence that plaintiff's assignor was at all times the real owner of the note. No real or substantial interest passed to the assignee Lewis, in whose behalf appellants now urge that she should have been made a party defendant, and we perceive no compelling reason why she should be joined in the action, inasmuch as she had disposed of whatever apparent interest she may have had.

Although the face of the note was for $7,500 and it was found that no part of it had been paid, the court's judgment was only for $5,000. Appellants now assert that the court thereby committed error. If it was error appellants were not thereby injured but were greatly benefited, and consequently may not be heard to complain if the judgment is more favorable to them than the facts warranted.

Objections that the findings of the court are unsupported by the evidence are answered by the statement that there is in each case complained of substantial evidence in support of the court's conclusions.

Judgment affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 23, 1936.